MRS. A. D. WILKIE et al. v. THE NATIONAL COUNCIL, JUNIOR ORDER UNITED AMERICAN MECHANICS OF THE UNITED STATES, NORTH AMERICA.

(Filed 20 May, 1908).

1. **Insurance Order—Evidence—Policy and Death—Burden of Proof.**
      In an action upon a life insurance policy the burden of proof is upon the insurance company to show nonpayment of dues or other matters to avoid the policy, when the certificates of insurance and the death have been shown.

2. **Same.**
      When a life insurance order is defending a suit upon a policy on the grounds of nonpayment of dues, the burden of proof being upon it, evidence by the proper officers is competent tending to show that the insured had been dropped from the rolls prior to his death upon official notice; the relation of the constitution and by-laws to the subject, a matter of record evidenced by a copy, by testimony and matters of record that the insured failed to pay his dues and was not in good standing at the time of his death; and that entries were made to this effect by the proper officer in the records of the lodge.

ACTION tried before *Peebles, J.,* and a jury, at August Term, 1907, of RUTHERFORD.

Defendant appealed.

*McBrayer, McBrayer & McRorie* for plaintiffs.
*Gallert & Carson* for defendant.

CLARK, C. J.  Action upon a certificate of insurance for $500. The certificate contains a condition "that the said C. D. Wilkie is now and shall be at the time of his death a beneficial member in good standing of a subordinate council and affiliating with the National Council of said order, and also a member in good standing of the Funeral Benefit Department of said National Council, in Class B, in accordance with the laws of said National Council and of his State and subordinate council now in force or hereafter adopted prior to said death."

The defendant pleaded said condition in its answer, and, further, that said Wilkie was not such beneficial member in good standing at his death, he being at that date more than eight months in arrears in the payment of his dues, and that, by a provision of the constitution and by-laws of the defendant, when a member was thirteen weeks in arrears he became in *bad standing and nonbeneficial,* and that the said Wilkie had at the time of his death been duly and regularly dropped from its rolls by the defendant for that cause, and was not a member in good standing.

The court properly held that, the certificate of insurance being shown, and the death, the burden was on the defendant to show nonpayment of dues or other matter to avoid the policy. *Doggett v. Golden Cross,* 126 N. C., 477. The defendant thereupon introduced the deposition, properly taken, of Stephen Collins, secretary and manager of the Beneficiary Degree and Funeral Benefit Department of the National Council. The court sustained plaintiff's objection to the interrogatory to Collins in said deposition whether Wilkie was a member in good standing, and also to Collins' reply that he was not, having been dropped from the rolls prior to his death upon an official notice, under seal, from the local lodge to which Wilkie had belonged. The court also sustained plaintiff's objection to the interrogatory to this witness, and his reply, as to the constitution and by-laws of defendant governing nonpayment of dues and losing good standing, though the witness produced a copy of the book as evidence. The witness stated that whether a member was in good or bad standing was not a matter of opinion, but a matter of fact shown by the records of the local council. The defendant thereupon introduced the financial secretary of the local lodge, and offered to show by him, and also by the records of the lodge, which he had with him, that Wilkie had failed to pay his dues and was not in good standing at the time of his death. Both inquiries were ruled out. The defendant then

offered to show by the recording secretary of said local lodge that Wilkie was not in good standing at his death; also that the witness had officially and in the mode prescribed by the regulations of the defendant sent to Collins, the secretary and manager of the National Council, the notice to drop Wilkie prior to his death from the rolls for nonpayment of dues, which notice had been referred to in Collins' deposition. This evidence in both particulars was excluded by the court.

The defendant then offered the clerk of the financial secretary of the local lodge, with the records of such lodge, and offered to show that the entries therein as to C. D. Wilkie and nonpayment of dues by him were made by witness. This was excluded. The defendant excepted in apt time to each rejection of evidence as above.

It is clear that error was committed, for which the defendant is entitled to a

New Trial.