STELLA W. HARRIS ET AL. v. NATIONAL COUNCIL, JUNIOR ORDER UNITED AMERICAN MECHANICS.

(Filed 10 March, 1915.)

1. Fraternal Orders—Trials—Evidence—Prima Facie Case—Rules of Order—Burden of Proof.

   Where in an action brought by the beneficiaries under a certificate of life insurance in a fraternal order, the plaintiffs offer evidence of a demand and proof of death of the assured, and introduce the certificate sued on, which upon its face and the evidence entitles the plaintiffs to the relief sought, they make out a *prima facie* case, and place the burden of proof upon the defendant to show the defense of nonpayment of dues or other matter to avoid the policy, if such is relied upon.

2. Fraternal Orders—Rules of Order—Appeal—Beneficiaries—Right of Action—Laches.

   Where the rules of a fraternal insurance association provide for an appeal to the National department of the order upon refusal of the

secretary-manager to pay a death claim under its certificate, and the beneficiaries of the policy are given no right of appeal, they have immediate right of recourse to the courts, and are not responsible for the inaction of the local branch of the association or bound by its laches; and under the circumstances of this case it is held that, by the lapse of time, the local branch had lost its right of appeal to the National department.

APPEAL by defendant from *Carter, J.,* at January Term, 1915, of CHATHAM.

Civil action tried upon these issues:

1. Are the plaintiffs the legal dependents of W. R. Harris, deceased? Answer: "Yes."

2. Did the defendant issue to W. R. Harris the benefit certificate for $500, as alleged in the complaint? Answer: "Yes."

3. Was the deceased, W. R. Harris, in sound bodily health at the time he was enrolled in the. Funeral Benefit Department of defendant? Answer: "Yes."

4. Was W. R. Harris, at the time of his death, a member in good standing in Silk Hope Council, No. 328, Junior Order United American Mechanics of the United States of America, as alleged in the complaint? Answer: "Yes."

5. Was W. R. Harris, at the time of his death, a member in good standing in the Funeral Benefit Department of the defendant, as alleged in the complaint? Answer: "Yes."

6. What sum, if anything, are plaintiffs entitled to recover of defendant? Answer: "$500, with interest from 1 October, 1912."

From the judgment rendered, defendant appealed.

*Siler & Milliken, R. H. Hayes for plaintiff.*
*Douglass & Douglass for defendant.*

BROWN, J. This is an action brought to recover $500 on a benefit certificate, No. 24, issued by the National Council, Junior Order United American Mechanics, of Silk Hope Council, No. 328, of the same order, for the legal dependents of W. R. Harris.

The certificate contains these conditions:

"Upon the condition that the said Silk Hope Council, No. 328, is now and shall be at the time of the death of the said W. R. Harris in good standing in the Funeral Benefit Department of the National Council, Junior Order United American Mechanics of the United States of North America; that is to say, that it has paid all assessments due to the Funeral Benefit Department at the time of the death of the said W. R. Harris, and has complied with all laws, rules and regulations governing the Funeral Benefit Department, and is in good standing with the National Council and State Council, having jurisdiction over said council.

"Also, upon the further condition that the said W. R. Harris was not received to membership nor retained as a member in violation of the laws and decisions of the order, and that at the time of his death he was a beneficial member in good standing of said Silk Hope [*Beneficiary* Council, No. 328, and entitled to death benefits in accord- *Degree* ance with the constitution and laws of that council and *Seal.*] the State and National Councils now in force or hereafter adopted prior to said death."

The defendant moves to nonsuit:

(1) Because the plaintiff has failed to show by affirmative evidence that the conditions recited were complied with. The plaintiff offered evidence of a demand, introduced the certificate sued on, and proved the death of the assured, and thus made out a *prima facie* case. *Doggett v. Golden Cross,* 126 N. C., 477.

It is well settled that in an action upon a life insurance policy the burden of proof is upon the insurance company to show nonpayment of dues or other matters to avoid the policy, when the certificate of insurance has been put in evidence and the death has been shown. *Wilkie v. Junior Order,* 147 N. C., 637.

(2) Because the plaintiff failed to comply with the rules and regulations of the order in respect to appeals to the National Judiciary.

Section 23 of the rules and by-laws reads as follows: "In case of the refusal of the secretary-manager to approve a death claim, and the council desires to appeal from his decision, it shall be the duty of the council within sixty days to file with him a bill of particulars, giving all the facts of the case, whereupon it shall be the duty of the secretary-manager to prepare his reason for refusal to pay such claim, and forthwith present all papers in the case to the National Judiciary for final adjudication."

The insured was a member of the local council, but the beneficiaries are not and are given no right of appeal. If the council refuses to act, the beneficiaries have no protection except the courts. In this case the council refused or failed to act. It was admitted that the deceased died on 5 July, 1912; that proof of death was filed in August, and that this action was not begun until 18 February, 1913, more than six months after the proof of the death was filed. By delaying this long, the council had lost its right to appeal.

The plaintiffs are not responsible for the laches of the local council. They are not even members of it, and cannot have a voice in its management. They cannot thus be deprived of their right to appeal to the courts. The point is expressly decided in *Kelly v. Trimont Lodge,* 154 N. C., 99. In that case *Mr. Justice Manning,* speaking for this Court, said: "Where the question involved is the enforcement of a property right, such as is presented in this case, we hold that the courts can be

invoked by a member to aid him in the enforcement or protection of such rights without resorting in the first instance to the tribunals of the order."

The motion to nonsuit was properly overruled.

The remaining two assignments of error set out in the appellant's brief are without merit and need no discussion.

No error.