MARY LYONS v. THE GRAND LODGE OF KNIGHTS OF PYTHIAS OF NORTH CAROLINA.

(Filed 9 November, 1916.)

**1. Insurance, Life — Contracts — Prima Facie Case — Evidence — Burden of Proof.**

In an action upon an endowment policy in a fraternal society, a prima facie right of recovery is established upon proof of the death of the member, presentation of the policy by the beneficiary, and denial of liability for the nonpayment of dues or other like default by the company, the burden of proof being on it to establish such defenses, if relied on.

**2. Insurance—Contracts—Interpretation.**

Where there is doubt and uncertainty as to the meaning of a contract of insurance, it should be resolved in favor of the insured when the language permits.

**3. Insurance, Life—Fraternal Orders—Contracts—Constitution—By-laws.**

A stipulation in a policy of endowment in a fraternal order requiring the member to be in good standing at the time of his death, and that "the records of the Grand Lodge shall sustain the same," must be construed in reference to provisions in the charter and by-laws of the order, that the member can only be suspended for failure to pay his dues for six months, of which notice shall be given him; and an order or suspension made in his absence will not have the effect of suspending him from benefits when there is no evidence that he had failed to pay his dues for the stated period or that notice had been given in accordance with the constitution and by-laws. *Wilkie v. National Council*, 151 N. C., 527, cited and distinguished.

CIVIL ACTION tried before *Long, J.,* at September Term, 1916, of FORSYTH.

Civil action tried in the county court of Forsyth County before his Honor, H. R. Starbuck, judge, and a jury, at February Term, 1916, of said court.

The action was to recover on an endowment policy in the sum of $300 issued by defendant order in case of Frank Lyons, a member who died on 6 March, 1915.

Plaintiff, his widow, having made demand and payment being refused, instituted present action, proved the death, demand for payment and refusal on part of defendant. Liability was denied on the ground, chiefly, that the decedent was not a member in good standing at the time of his death, as required by the terms of the policy.

On issue of indebtedness, it was shown that Frank Lyons died on Saturday, 6 March, as stated, and was buried, a representative committee of the Order, appointed for the purpose, taking part in the

funeral ceremonies.    It was further shown that decedent had complied with all rules of membership dues to 1 January, 1915.

There was evidence on the part of the defendant tending to show that, after the first of January to the time of his death in March, decedent had not paid his monthly dues, and, further, that on 5 January, 1915, the local lodge had made an order suspending him from membership on that account.    The facts showed that Frank Lyons was not present when this order of suspension was entered, and no evidence was offered tending to show that he had received any notice of the purpose to suspend nor of the action of the lodge in reference thereto, nor does it appear that Frank Lyons received any notice of being in arrears.

The policy contained, among other things, the stipulation that it was payable on condition "that the brother knight shall be a member in good standing in his subordinate lodge at the time of his death and that the records of the Grand Lodge and subordinate lodge shall sustain the same."    As relevant to this question, the constitution of the subordinate lodge contained provision, Article 10: "In the event of the death of a member, who at the time of his death was in arrears for his fines, dues, and assessments, the funeral benefits shall not be paid: *Provided,* this section shall not prohibit appropriation for the decent interment of such member if his own property or means are insufficient," etc.    And Article 10, section 6: "A member who is in arrears for six months dues or their equivalent, and has been notified to pay the same, shall be suspended by the chancellor commander in open lodge, and a record of such suspension shall be entered on the minutes of the lodge, and the keeper of records and seal is hereby required to notify the proper officer."

There was evidence on part of plaintiff tending to show that decedent had attended lodge meetings in January and February and had made payment on his dues in these months.

The court charged the jury, in effect, that if they believed the evidence, plaintiff was entitled to recover.    Verdict for plaintiff, and judgment.

Defendant, having duly excepted, appealed to Superior Court of Forsyth County, and his Honor, *Judge Long,* being of opinion that record and case on appeal disclosed no error, affirmed the judgment of the county court, whereupon defendant again excepted and appealed.

*Gilbert T. Stephenson for plaintiff.*
*J. C. Buxton, Raymond Parker, and Watson & Robinson for defendant.*

HOKE, J., after stating the case: On proof of the death of the member, presentation of the policy by the beneficiary and denial of any liability by the company, a *prima facie* right of recovery is established, and defendant, claiming to be relieved by reason of nonpayment of dues or other like default, has the burden of proof in reference to such defenses. *Harris v. Junior Order, etc.,* 168 N. C., 357; *Wilkie v. National Council,* 147 N. C., 637; *Doggett v. Golden Cross,* 126 N. C., pp. 477-480.

The decisions also very generally hold that in case of doubt and uncertainty as to the meaning of a contract of insurance it shall be resolved in favor of the insured. *Jones v. Casualty Co.,* 140 N. C., 262; *Kendrick v. Ins. Co.,* 124 N. C., 315; *Bank v. Ins. Co.,* 95 U. S., 265; Vance on Insurance, p. 592.

A proper application of these recognized principles to the facts in evidence is in full support of the charge of the trial judge, "that, on the evidence, if believed by the jury, the plaintiff had the right to recover."

It is insisted for defendant that no recovery should be allowed because, at the time of his death, Frank Lyons, the member, was in arrears for monthly dues, and this was in violation of the stipulation in the policy, "that the brother knight shall be a member in good standing at the time of his death, and that the records of the grand lodge and of the subordinate lodge shall sustain the same." But, in our opinion, this stipulation for "good standing" in reference to the nonpayment of dues, etc., must be interpreted and controlled by the constitution and by-laws of the company, and a reference to these regulations shows that a member can only be suspended when he has failed to pay his dues for six months and has been notified to pay the same, and, on examination of the facts in evidence, there was no testimony offered as to any demand for these dues or of any notice of the action by the local lodge in reference thereto, and it furthermore affirmatively appears that at the time the order of expulsion was made the plaintiff was only in arrears for the space of five days, and, according to its own constitution, the local and subordinate lodge was without power or jurisdiction to make any such order, and plaintiff's right of recovery should in no way be affected by it—a position that is in accord with right reason and is well supported by authority. *Supreme Lodge v. Dalberg,* 138 Ill., 509; *Woman's Catholic Order v. Haley,* 86 Ill. Ct. App., 330; *Mulroy v. Knights of Honor,* 28 Mo. Appeals, p. 463.

The case of *Wilkie v. National Council,* 151 N. C., pp. 527-528, to which we were referred on the argument, is not to our minds in contravention of this view. In that case it was proved that the deceased

member had been in arrears for eight months and, on his right to recover, the policy contained stipulation that recovery was on condition that the member, at the time of his death, should be in good standing in the subordinate lodge and also a member in good standing of the financial benefit department, etc., etc., and the constitution and by-laws of the order in reference to these stipulations was shown to be as follows: "A member of the council who is thirteen weeks or more in arrears for dues forfeits all his rights and privileges except that of being admitted to the council chamber during its sessions." And, further: "Any brother who is thirteen weeks or more in arrears shall not be entitled to any sick benefits, nor shall he, in case of death, be entitled to death benefits."

It will thus be seen that in *Wilkie's case* the default was much more pronounced and the constitution much more exacting, or, rather, it is entirely different from the one before us.

There is no error, and the judgment on the verdict is affirmed.

No error.