FRANCES BLACKMAN v. WOODMEN OF THE WORLD.

(Filed 20 September, 1922.)

1. **Insurance—Benevolent Societies—Evidence—Prima Facie Case—Nonsuit.**

In the widow's action to recover upon a life insurance policy under which she is a beneficiary, evidence that the insured had died, and that she was the widow named in the policy, which she introduced in evidence, makes out a *prima facie* case, and defendant's motion to nonsuit should be overruled.

2. **Same—Rules of Benevolent Societies.**

The production by the beneficiary of a life insurance policy, the subject of the action, is *prima facie* evidence of its delivery to the insured; and on its face *prima facie* proof that the insured was inducted into the order, as therein recited, requiring of the defendant proof to the contrary, and a motion as of nonsuit is properly disallowed.

3. **Same—False Representations—Fraud.**

Upon the defendant's motion to nonsuit the beneficiary in an action to recover upon the certificate of a life insurance order, wherein the plaintiff has made out a *prima facie* case, the burden is on the defendant to show that the insured had made false representations that would avoid its liability, when relied on, and a motion as of nonsuit is properly disallowed.

**4. Evidence—Nonsuit—Motions—Statutes.**

> Under the provisions of C. S., 567, the defendant, after the court has refused his motion as of nonsuit upon the evidence, may except, introduce evidence, and renew his motion after all the evidence has been introduced; but his last motion only can be considered, and upon all the evidence in the case, and if therein the plaintiff has made out a case, the motion should be disallowed.

APPEAL by defendant from *Calvert, J.,* at February Term, 1922, of JOHNSTON.

This was an action for the recovery of the amount stipulated in a beneficiary insurance certificate payable to the widow of the deceased member. She qualified as administratrix of the estate, but at the trial, by consent, the summons was amended by striking out the word administratrix, and the suit was prosecuted in her name individually, as beneficiary. C. S., 547. The plaintiff put in evidence the certificate with evidence of its authenticity, and that the insured had died, and that the plaintiff was his widow and the beneficiary named in the policy. The defendant pleaded that the certificate had not been delivered to J. I. Blackman under the terms and conditions on the policy; that he had not been inducted into the defendants' order in accordance with the constitution and by-laws; that the statements in the application of the deceased that he did not have jaundice, disease of the liver, gall stones, or any other disease of the digestive system, and that the representations in his application that he did not have cancer or tumor or other stomach trouble were false; that he falsely represented that he had not consulted or been attended by a physician for any disease or injuries during the past five years; and that he falsely represented in his application that he did not have and had never had bronchitis, chronic catarrh, or other disease of the throat or respiratory organs. The jury, in response to the issues submitted, found that the certificate had been delivered to J. I. Blackman, the plaintiff's intestate, under the terms and conditions of the constitution and by-laws of the defendant, and that he had been duly obligated and inducted in due form into defendant's order and negatived all the allegations as to false statements in the application, and found that said Blackman was in good health at the time of the execution and delivery of the policy. Judgment upon the verdict in favor of the plaintiff; defendant appealed.

*Ray & Ray and Winfield H. Lyon for plaintiff.*
*Cowper, Whitaker & Allen and Ed. S. Abell for defendant.*

CLARK, C. J. The production by the plaintiff of the certificate duly authenticated, and evidence that the insured had died, and that the

plaintiff was the widow named as beneficiary in the policy which she produced in open court, made out a *prima facie* case, which required the refusal of a motion to nonsuit. The production of the policy was *prima facie* evidence of its delivery by the defendant, and on its face was *prima facie* proof of his induction into the order as therein recited.

The defendant also asked for nonsuit upon the issues as to the false allegations as to the insured not having certain diseases alleged, and other statements in the policy. But these were matters in defense, the burden of proof of which rested upon the defendant, and a nonsuit was therefore properly refused. The defendant moved for a nonsuit at the close of the plaintiff's evidence, but as the defendant, upon the denial of such motion, introduced evidence, he waived the exception for a denial of the motion. The plaintiff thereupon, in reply, introduced other evidence, and the defendant's demurrer at the close of all the evidence was properly overruled, and the jury, as already stated, found against the defendant upon all the issues.

Under the former system of procedure, when a defendant demurred to the evidence or moved for a nonsuit, it was not admissible for him to introduce evidence. By C. S., 567, it is now provided that when the plaintiff rests, if a defendant moves to nonsuit, or demurs to the evidence, and the motion is denied, he is allowed to introduce evidence, but when he does so he waives the exception, and if the motion to nonsuit is renewed at the end of all the evidence, his exception must be considered in the light of all the evidence when the last motion is made.

In this case there was ample evidence to be submitted to the jury, who have found all issues in favor of the plaintiff. The appeal was argued in this Court almost entirely upon the question of nonsuit. The other exceptions do not require to be discussed.

No error.