## STATE v. CHESTER WADE.

(Filed 23 October, 1929.)

**Seduction B a—Statement of prosecutrix to physician held not privileged communication under the facts of this case.**

> Upon the trial under an indictment for the seduction of an innocent and virtuous woman, C. S., 4339, a statement by the prosecutrix to a physician, whom she had consulted, tending to show that she was not innocent or virtuous at the time of the alleged seduction, does not fall within the principle of a privileged communication between physician and patient when made by her after this relationship has ceased, C. S., 1798, and its rejection as evidence by the court is reversible error to the defendant's prejudice, entitling him to a new trial.

APPEAL by defendant from *Cranmer, J.,* at January Term, 1929, of HOKE. New trial.

Indictment for the seduction of an innocent and virtuous woman, C. S., 4339. There was a verdict of guilty. From judgment on the verdict, defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-Gneral Nash for the State.*
*W. H. Cox and J. W. Currie for defendant.*

CONNOR, J. Evidence offered by the State on the trial of this action tended to show that at the time she was seduced by the defendant, as contended by the State, the prosecutrix was an innocent and virtuous woman.

There was evidence for the defendant in sharp conflict with the State's evidence with respect to this essential element of the crime charged in the indictment. C. S., 4339. *S. v. Crook,* 189 N. C., 545, 127 S. E., 579. This evidence was the testimony of several young men who each testified to acts on the part of the prosecutrix, which she had denied on her cross-examination by counsel for the defendant. They testified that

these acts had occurred prior to the time when the State contended that the prosecutrix was seduced by the defendant. The credibility of these witnesses was sharply attacked by the State on their cross-examination by the solicitor.

In support of his denial of the contention of the State that the prosecutrix was an innocent and virtuous woman at the time she testified that she was seduced by him, defendant offered the testimony of Dr. A. C. Bethune, a physician, with respect to a statement made to him by the prosecutrix as to the paternity of her unborn child. This testimony upon objection by the State, was excluded on the ground, apparently, that the communication of the prosecutrix to the witness was privileged under the statute. C. S., 1798.

The witness testified, however, that the statement was made to him after the relationship of physician and patient between them had terminated. The statement was not made to enable the witness to prescribe for the prosecutrix; it was made after he had advised her that he could render her no professional service with respect to her condition. The statement was not privileged under the statute. The testimony was competent as evidence for the defendant; its exclusion was, we think, prejudicial error, for which the defendant is entitled to a new trial.

There are other assignments of error on this appeal, which counsel for defendant earnestly contend should be sustained. It is needless for us to pass on these assignments, as there must be a

New trial.