SARAH F. CREECH v. THE SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD.

(Filed 9 June, 1937.)

1. **Insurance § 37—Ordinarily defendant insurer is not entitled to nonsuit on ground of affirmative defenses.**

     Where the evidence and admissions establish the issuance and delivery of the policy and the death of the insured, and that plaintiff is named beneficiary in the policy and that demand for payment had been made and refused, plaintiff makes out a *prima facie* case, and the burden is on insurer to establish affirmative defenses relied on by it, and ordinarily its motion to nonsuit, based on such defenses, is properly denied.

2. **Evidence § 14—Whether physician should be compelled. to disclose information concerning patient lies in sound discretion of trial court.**

     Whether a physician should be compelled to disclose information acquired by him in his treatment of his patient rests in the sound discretion of the trial court upon its determination of whether such testimony is necessary for the administration of justice, C. S., 1798, and in this action to recover on a policy of insurance the trial court's refusal to require a physician to testify as to his treatment of insured within five years prior to the application for the policy upon the court's finding from the evidence that insured died from pneumonia contracted after the

issuance of the policy, *is held* not prejudicial error, especially in view of the fact that the physician's sworn proof of death was admitted in evidence.

**3. Evidence § 22—**

Insurer's witnesses testified that insured was an habitual drunkard, but on cross-examination were permitted to testify that insured's general character was good. *Held:* Under the facts of this case the admission of the character evidence, if error, was not prejudicial.

**4. Appeal and Error § 46—**

Where the rights of the parties are determined by the answers to several of the issues, assignments of error relating to another issue need not be considered on appeal.

CONNOR, J., concurring.

APPEAL by defendant from *Barnhill, J.,* at Special September Term, 1936, of COLUMBUS. No error.

This is an action brought by plaintiff against defendant to recover on a policy of insurance (10-year term insurance certificate), issued in favor of plaintiff beneficiary by defendant on the life of plaintiff's husband, Onzie Creech. The policy of insurance (beneficiary's certificate) was taken out on 6 March, 1935, and delivered 15 April, 1935. Onzie Creech died on 6 December, 1935, of lobar pneumonia. The premium was paid on the policy and defendant attempted a refund of same by sending plaintiff $28.54 after Onzie Creech's death, which was never accepted. The defendant denied liability on the ground of false and fraudulent representations of a material character set out in the application for the policy of insurance, which induced defendant to issue same.

The issues submitted to the jury and their answers thereto were as follows:

"1. Had the deceased, Onzie Creech, prior to 5 March, 1935, used liquors to excess? Ans.: 'No.'

"2. Had the deceased, Onzie Creech, within five years prior to 5 March, 1935, suffered any mental or bodily disease or infirmity? Ans.: 'No.'

"3. Had the deceased, Onzie Creech, within five years prior to 5 March, 1935, consulted or been attended by a physician for any disease or injury or undergone any surgical operation? Ans.: 'No.'

"4. Had the deceased, within ten years prior to 5 March, 1935, had any disease or injury? Ans.: 'No.'

"5. Did the insured, Onzie Creech, procure the issuance of the policy of insurance upon his life sued on in this action by false and fraudulent statements, as alleged in the answer? Ans.: ..............

"6. Is the defendant indebted to the plaintiff, and if so, in what amount? Ans.: '$2,500, with interest.' "

The court below rendered judgment on the verdict. The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones will be considered in the opinion.

*Lyon & Lyon for plaintiff.*
*Powell & Lewis for defendant.*

CLARKSON, J. At the close of plaintiff's evidence and at the close of all the evidence, the defendant in the court below made motions for judgment as in case of nonsuit. C. S., 567. The court below overruled these motions, and in this we can see no error.

The plaintiff introduced the policy (beneficiary certificate) on the life of Onzie Creech, dated 6 March, 1935. The admissions of the defendant were that Onzie Creech died 6 December, 1935; that plaintiff was named as beneficiary in the beneficiary certificate; the issuance and delivery of the beneficiary certificate; the filing of proof; and that plaintiff had made demand on the defendant for $2,500, amount of the insurance, and payment refused by defendant. The plaintiff then rested.

In *Lyons v. Knights of Pythias,* 172 N. C., 408 (410), it is said: "On proof of the death of the member, presentation of the policy by the beneficiary and denial of any liability by the company, a *prima facie* right of recovery is established, and defendant, claiming to be relieved by reason of nonpayment of dues or other like default, has the burden of proof in reference to such defenses. *Harris v. Junior Order, etc.,* 168 N. C., 357; *Wilkie v. National Council,* 147 N. C., 637; *Doggett v. Golden Cross,* 126 N. C., pp. 477-480." *Blackman v. W. O. W.,* 184 N. C., 75; *Green v. Casualty Co.,* 203 N. C., 767 (773).

The defendant set up as a defense to the action the following provisions in the policy: "For the purpose of securing the beneficiary certificate herein applied for, I hereby warrant that I have not been sick, except as stated herein; that I am now in sound bodily health; that I have no injury or disease that will tend to shorten my life; that I am not addicted to the use of intoxicating liquors, opium, or other injurious drugs or substances."

The answers by Onzie Creech to the material questions were as follows:

"1. Have you ever used liquors to excess or taken treatment for liquor habit, or have you ever used any form of opium, morphine, cocaine, or other narcotics? Ans.: 'No.'

"2. Have you, within the past five years, suffered any mental or bodily disease or infirmity? Ans.: 'No.'

"3. Have you, within the past five years, consulted or been attended by a physician for any disease or injury, or undergone any surgical operation? Ans.: 'No.'

"4. Have you had, in the last ten years, any disease or injury other than those above mentioned? Ans.: 'No.' "

We need not consider the fifth issue: "Did the insured, Onzie Creech, procure the issuance of the policy of insurance upon his life sued on in this action by false and fraudulent statements, as alleged in the answer?" The jury answered "No" to all the first four issues, and automatically the sixth issue was answered "$2,500, and interest."

Upon a careful review of the charge of the court below, we see no prejudicial error on the four issues answered in favor of plaintiff.

In the application of Onzie Creech for certificate of membership is the following: "And further waive for myself and beneficiaries the privileges and benefits of any and all laws which are now in force or may hereafter be enacted in regard to disqualifying any physician or nurse from testifying concerning any information obtained by him or her in a professional capacity; and I expressly authorize such physician or nurse to make such disclosure."

In the record is the following: Dr. R. C. Sadler, a witness for defendant, was asked: 'Q. Have you treated him for any disease or infirmity within the past five years? Q. Did he have any physical disease? (By the court:) What you knew about him, I take it, you discovered as a physician? Ans.: That is true.' The defendant moved, under section 1798, in order to make the testimony of witness competent. The court, in the exercise of its discretion, refused to grant the motion, after the witness stated that he discovered what he knew about the deceased in the capacity of a physician. (Witness recalled.) 'Q. Do you recall whether you have treated him for any disease within the past five years? Ans.: I treated him, yes.' The defendant moves, under section 1798, C. S., in order to make the testimony of the witness competent. The court, in the exercise of its discretion, refused to grant the motion; it being made to appear to the court from the evidence so far that the deceased died from pneumonia contracted from a cold, and no evidence being offered to the contrary." To all the above questions the plaintiff objected, which was sustained by the court below for the reasons given. In this we can see no error. C. S., 1798, supra, is as follows: "No person, duly authorized to practice physic or surgery, shall be required to disclose any information which he may have acquired in attending a patient in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon: Provided, that the presiding judge of a Superior Court may compel such disclosure, if in his opinion the same is necessary to a proper administration of justice."

Before a physician may testify to matters arising in his confidential relationship with his patient, our statute requires that the trial judge find that in his opinion such testimony is "necessary to a proper admin-

istration of justice," and in the absence of such finding appearing of record on appeal, it is reversible error for the trial judge, upon defendant's exception, to admit testimony of the insured's physician tending to show that the insured in his application for life insurance had made misstatements of material facts that would avoid the insurer's liability in his suit to cancel the policy issued thereon. *Metropolitan Life Ins. Co. v. Boddie,* 194 N. C., 199; *S. v. Wade,* 197 N. C., 571.

In *Smith v. Lumber Co.,* 147 N. C., 62, after citing the statute above set forth, *Hoke, J.,* at p. 64, says: "It is the accepted construction of this statute that it extends, not only to information orally communicated by the patient, but to knowledge obtained by the physician or surgeon through his own observation or examination while attending the patient in a professional capacity, and which was necessary to enable him to prescribe. *Gartside v. Ins. Co.,* 76 Mo., 446; *Dilleber v. Ins. Co.,* 69 N. Y., 256. And it is further held, uniformly, so far as we have examined, that the privilege established is for the benefit of the patient alone, and that same may be insisted on or waived by him in his discretion, subject to the limitations provided by the statute itself: '(1) That the matter is placed entirely in the control of the presiding judge, who may always direct an answer, when in his opinion same is necessary to a proper administration of justice. (2) That the privilege only extends to information acquired while attending as physician in a professional capacity, and which information is necessary to enable him to prescribe for such patient as a physician.' Wigmore, Vol. XIV, sec. 2286c."

It seems that this matter, under the proviso in the statute and the above decision, was subject to the control of the court in its sound discretion. *S. v. Martin,* 182 N. C., 846; see *Fuller v. Knights of Pythias,* 129 N. C., 318. We think the proviso of the statute should not be nullified.

We cannot see how defendant was prejudiced by the exclusion of the evidence of this physician. The same physician furnished the proof of death to defendant, and under oath answered, among other questions, the following:

"1. What was the cause of death? Lobar pneumonia. Duration, 7 days.

"2. Was it complicated with any other disease, acute or chronic? If so, what? Yes, asthma. Duration?

"3. What was the remote cause of death? If from disease, give predisposing cause, date of first appearance of its symptoms, and history of same? Lobar pneumonia.

"4. Was there any special cause, direct or indirect, for his death in the habits, occupation, or residence of the deceased? Exposed himself hunting.

"5. Did the deceased use alcoholic beverages? If so, to what extent did their use cause or contribute to his fatal illness? Yes, probably not.

"6. Have you any knowledge or have you ever heard that deceased suffered from any other disease prior to his last illness? If so, state the time and nature of same? No."

In fact, D. M. Thompson, district organizer for defendant, a witness for defendant, on cross-examination, stated: "As far as I knew at that time, or had reason to know, he was a man of perfectly sound, good health. It was astonishing to me that this claim was not paid when he died. I had seen Onzie Creech off and on for 15 or 20 years before this application was taken. . . . I was surprised when I heard the claim had been turned down, like I would for any other man that I would write."

The first issue was: "Had the deceased, Onzie Creech, prior to 5 March, 1935, used liquors to excess?" The defendant introduced certain witnesses tending to show that Onzie Creech was an habitual drunkard, and on cross-examination they testified that his general character was good. "He was a good, hard-working man." We do not think the question of character, if error, was reversible error, under the facts and circumstances of this case. The answers to the first four issues sustain the verdict, and it is unnecessary to consider the contentions made *pro* and *con* on the fifth issue. The court below told the jury that if the first four issues were decided in favor of plaintiff, they need not consider the fifth.

On the whole record, we find no prejudicial or reversible error.

No error.


CONNOR, J. I concur in the decision of the Court in this appeal that there was no error in the trial of this action in the Superior Court.

Upon objection by the plaintiff to testimony of a physician, who was offered as a witness by the defendant, as to matters within his knowledge which he knew by reason of his relation to the insured as his physician, the defendant moved the court to overrule the objection and admit the testimony as evidence in its behalf, in its discretion, C. S., 1798. The motion was denied, and the testimony excluded by the court, in its discretion. For that reason the ruling of the trial court is not reviewable by this Court.

The defendant did not rely upon the waiver of such objection, contained in the application of the insured for the certificate of insurance, on which the plaintiff has sued in this action. The question as to the effect of the waiver upon the statute is not presented or decided on this appeal. There was no ruling by the trial court upon this question.