D. S. WILLIAMSON, ADMINISTRATOR, ET AL. v. PILOT LIFE INSURANCE COMPANY.

(Filed 3 November, 1937.)

Insurance § 30c—Insurer may not contradict recital of payment in policy for purpose of declaring forfeiture for nonpayment.

Where a policy in the hands of the beneficiary recites that the first annual premium is to be paid before delivery, insurer may not show that the policy was delivered upon payment of an initial semiannual premium for the purpose of declaring a forfeiture for nonpayment of the second semiannual premium, the recitation in the policy being conclusive, in the absence of fraud, on the question of forfeiture, although it is only *prima facie* evidence of payment and rebuttable on the question of the recovery of the balance of the premium.

APPEAL by plaintiffs from *Sinclair, J.*, at January Term, 1937, of DUPLIN.

Civil action to recover on a $1,000 policy of life insurance.

The policy in suit was issued 14 December, 1934, on the life of Lewis Cass Houston, a minor twelve years of age. His mother, Elsa B. Far-

rior, was named beneficiary therein, and she was given control of the policy during the minority of the insured.

The policy contains the following recital:

"Premium: Twenty-three and 40-100 Dollars to be paid on or before the delivery of this Policy, and annually thereafter on or before the fourteenth day of December in each year during the continuance of this Policy until twenty full years' regular premiums in all shall have been paid."

It is admitted that the insured and his mother both died on 1 September, 1935. The policy was in the possession of the beneficiary at the time of her death.

Over objection, the defendant was allowed to offer evidence tending to show that at the time of the delivery of the policy only a semiannual payment of $12.16 was collected, and the official receipt returned to the defendant with notation, "Change to Semi-An." Semiannual receipt was sent to defendant's agent, but he never delivered it to the beneficiary or to the assured. The agent's reason for not delivering the semiannual receipt was, "I had already delivered the policy." Thereafter defendant mailed Elsa B. Farrior notice of semiannual premium due 14 June, 1935. This was not paid.

From judgment of nonsuit, entered at the close of all the evidence, plaintiff appeals, assigning errors.

*Robert C. Wells and Rivers D. Johnson for plaintiffs, appellants.*
*Smith, Wharton & Hudgins and Beasley & Stevens for defendant, appellee.*

STACY, C. J. The theory of the nonsuit is that the policy lapsed for nonpayment of semiannual premium of $12.16 due 14 June, 1935. Nevertheless the policy recites payment of $23.40, annual premium, before unconditional delivery, which, on its face, is sufficient to keep the policy in force until 14 December, 1935. This defeats the motion to nonsuit. *Ferrell v. Ins. Co.,* 208 N. C., 420, 181 S. E., 327, *S. c.,* 207 N. C., 51, 175 S. E., 692; *Green v. Casualty Co.,* 203 N. C., 767, 167 S. E., 38.

The authorities are to the effect that a recital of payment in a policy of insurance, unconditionally delivered, may not be contradicted to work a forfeiture of the policy, or to defeat a recovery thereon, in the absence of an allegation of fraud. *Grier v. Ins. Co.,* 132 N. C., 542, 44 S. E., 28. To this extent it is contractual and binding upon the parties. *Britton v. Ins. Co.,* 165 N. C., 149, 80 S. E., 1072. Compare *Smith v. Land Bank, ante,* 79.

"If the premium in fact is not paid, the acknowledgment of payment, so far as it is a receipt for money, is only *prima facie,* and the amount

can be recovered; but so far as the acknowledgment is contractual, it cannot be contradicted so as to invalidate the policy"—*Clark, C. J.,* in *Grier v. Ins. Co., supra.* See *Kendrick v..Ins. Co.,* 124 N. C., 315, 32 S. E., 728; 70 A. S. R., 592; *Harper v. Dail,* 92 N. C., 394; *Bank v. Robertson,* 210 N. C., 436, 187 S. E., 575; *Pate v. Gaitley,* 183 N. C., 262, 111 S. E., 339; *Ins. Co. v. Morehead,* 209 N. C., 174, 183 S. E., 606.

The *Britton case, supra,* is directly in point and decisive of the present appeal. As said by *Brown, J.,* in that case: "The defendant better change its custom rather than knowingly to embody in its policies statements it declares are untrue."

There was error in sustaining the motion to nonsuit.

Reversed.