The court below found the facts and made conclusions of law, as follows:
"This cause coming on to be heard before His Honor, Wilson Warlick, Judge, at the January Term Superior Court of Lincoln County, and being heard, the plaintiff being represented in court by Bruce Heafner and A. L. Quickel, Esqs., and the defendant by Henderson Henderson, attorneys, of Charlotte, N.C. and it appearing to the Court that the *Page 603 
plaintiff and defendant have and do waive a jury trial, and agree that the Court shall find the facts and conclusions of law, after hearing the pleadings and the evidence offered by the plaintiff and the defendant, the Court finds the following facts:
"Facts: 1. That the plaintiff is a resident of the County of Lincoln and the State of North Carolina.
"2. That the defendant, Woodmen of the World Life Insurance Society, is the successor of the Sovereign Camp of the Woodmen of the World, and is a fraternal benefit society, incorporated under the laws of the State of Nebraska, with a lodge system, a ritualistic form of work and a representative form of government, without capital stock, and transacts its business without profit and for the sole benefit of its members and their beneficiaries. That it has been licensed to do business in the State of Nebraska since 1891, as a fraternal benefit society, and it has been licensed to do business in the State of North Carolina, as a fraternal benefit society, since June 15, 1899.
"3. That on December 14, 1928, W. L. Wacaser made written application for membership in the defendant society and for the issuance to him of a ten-year term benefit certificate in the sum of $1,000, and consented and agreed that the application and the provisions of the constitution, laws and by-laws of the society then in force, and that might thereafter be adopted, should constitute the basis for and form a part of any beneficiary certificate issued to him by the Sovereign Camp of the Woodmen of the World, now the Woodmen of the World Life Insurance Society.
"4. That on December 31, 1928, the defendant issued to W. L. Wacaser a ten-year term benefit Certificate TE-803472, in the sum of $1,000 in which Vianna Wacaser, wife, was designated as beneficiary. That said certificate sets out, among other things, that it was subject to all conditions therein, and the provisions of the Constitution, Laws and By-Laws of the Society, or which might be thereafter adopted. It further provided that the certificate should cease and all benefits thereunder terminate after the tenth anniversary of the date of the certificate by the Sovereign Officers of the Society, but that the member might at any time within eight years from the date thereof, and prior to attaining the age of sixty years, surrender the certificate and receive in exchange therefor a certificate providing for term insurance for a period of ten years, and providing that the member would be required to pay the rate on the new certificate as fixed for his then attained age.
"5. On February 10, 1932, Mr. Wacaser executed on the back of said certificate a request to have the beneficiary in his certificate changed to Mrs. Nora Blackburn, daughter, and at the same time cancelled and surrendered said certificate as follows: *Page 604 
"`I, W. L. Wacaser, to whom this certificate was issued, do hereby cancel and surrender this certificate and order that a new one shall be issued and that the benefit shall be of the amount of $1,000, and shall be payable to Mrs. Nora Blackburn, who bears relationship to myself of daughter. Signed at Lincolnton, State of N.C. this 10th day of February, 1932. W. L. Wacaser. Witness: W. M. Yoder.
"`I certify that Sov. W. L. Wacaser is now in good standing and has complied with the Constitution, Laws and By-Laws of the Society. W. M. Yoder, Clerk Camp No. 45, Woodmen of the World.'
"6. The certificate was received at the office of the Secretary of the defendant on February 17, 1932, with request for change of beneficiary, accompanied by a fee of 25c for said change, as required by the Constitution, laws and by-laws, and the Society on February 19th, 1932, issued to him a new ten-year term certificate in lieu of said original certificate, bearing the same number and in the same amount, but designating Mrs. Nora Blackburn, daughter, as beneficiary. The following was endorsed on the certificate:
"`Issued in lieu of surrender certificate #TE-803472, issued 12/31/28, and based upon the application for membership, said original certificate being hereby rendered null and void.'
"7. That the monthly rate under the original certificate was $1.78, and the annual rate, $20.50, and that there was no change in the rate made in the second certificate issued in lieu of the original. That the member paid the dues and assessments as set out in the certificate, until November, 1938.
"8. That on November 2, 1938, the President of the defendant society advised W. L. Wacaser by letter that his certificate would expire on December 31, 1938, and would be completely terminated, and at the same time advised him to discontinue his monthly payments after the payment for November, 1938. The member made no further payments on said certificate after the month of November, 1938. That during the month of December, 1938, the beneficiary tendered the same identical premium to Mr. F. P. Bartley, Secretary of the local lodge, Camp 45, and showed him the letter received by the insured of date November 2, 1938, from the Sovereign Camp and signed by D. E. E. Bradshaw, President, and upon said tender being made in December, 1938, the said Clerk of the local camp refused to accept said amount tendered, or any further amount prior to the death of the insured.
"9. That W. L. Wacaser died on January 12, 1939, and that demand has been made for payment of the principal amount of the policy, and that payment has been refused.
"10. That notice of the death of the insured, W. L. Wacaser, was duly given to the Sovereign Camp, as is provided by the Constitution, Laws and By-Laws, and that notice of death was accepted as given. *Page 605 
"11. That the duly designated officials having control over the affairs of the defendant had all the facts and circumstances as evidenced by the exhibits in their possession and control at the time of the issuance of the policy dated February 19, 1932, and marked defendant's Exhibit ....... (Plaintiff's exhibit A).
"12. That the defendant Company, in the face of its issuance of the policy, dated February 19, 1932, by its duly authorized and constituted agents, continued to accept the amounts paid monthly by the beneficiary who had an insurable interest in the life of the deceased; as paid by the beneficiary to the local Clerk of the Camp in Lincolnton, North Carolina, and at no time during the life of the insured, (prior to November 2, 1938), refused any payments to its local Camp representative or made any effort to correct the policy, or to warn the insured, or his beneficiary, that the policy as issued on the 19th of February, 1932, did other than speak the truth. That after the delivery of the letter of November 2, 1938, its local Camp representative, Mr. F. P. Barkley, accepted from the beneficiary (who, through the years, had been making the payments) the payment for the month of November, 1938, which the Court finds as a fact, carried the insurance up to the time of its payment.
"13. That the certificate sued on in this action, according to the terms of the contract itself, would expire as of the 19th day of February, 1942, inclusive.
"WHEREFORE, the Court concludes, as a matter of law, that the contract of insurance dated February 19, 1932, and marked Plaintiff's Exhibit A, is an outstanding enforcible contract on the life of Wm. L. Wacaser, and that the plaintiff, the named beneficiary therein, is entitled to have and recover of the defendant the sum of $1,000 and interest thereon from the 14th day of May, 1939. Wilson Warlick, Judge Presiding."
To each of the findings of fact subsequent to Fact No. 8, the defendant, in apt time, objected and excepted, and asked the court to find as a fact that the date of issuance of the certificate issued in lieu of the original certificate should have been as of the 31st day of December, 1928, the date of the original certificate, and that the certificate issued in lieu of the original certificate fails to express the real agreement as to the date thereof, which was placed in said certificate by mistake of both parties.
To the court's refusal to find the requested finding of fact by the defendant, the defendant objected and excepted.
The defendant, in apt time, requested the court to find as a fact that under no view of the case would the plaintiff be entitled to recover the face of the certificate, not having paid sufficient dues to have entitled her to the same, as provided by the Constitution and By-Laws. To the court's refusal to find such fact, the defendant objected and excepted. *Page 606 
The judgment of the court below was as follows: "This cause coming on to be heard, and being heard before His Honor, Wilson Warlick, Judge presiding at the January Term of Superior Court of Lincoln County, upon the foregoing findings of fact, it is adjudged that the plaintiff, Mrs. Nora Blackburn, have and recover of the defendant, the Woodmen of the World Life Insurance Society, the sum of $1,000, with interest on said sum form the 14th day of May, 1939, until paid, and that she recover of the defendant the costs in this action. This January 27, 1941. Wilson Warlick, Judge presiding."
To the foregoing conclusions of law, as made on the facts found, the defendant, in apt time, preserves its rights by objecting and excepting, and objects and excepts to the signing of the judgment and gives notice of appeal to the Supreme Court in open court.
In the agreed case is the following: "And it appearing to the Court that the plaintiff and defendant have and do waive a jury trial, and agree that the Court shall find the facts and conclusions of law, after hearing the pleadings and the evidence offered by the plaintiff and the defendant."
The court below found the facts and there was competent evidence to sustain the findings of fact. We think, under the findings of fact, the conclusions of law found by the court below were correct.
In Lyons v. Knights of Pythias, 172 N.C. 408 (410), it is said: "On proof of the death of the member, presentation of the policy by the beneficiary and denial of any liability by the company, a prima facie right of recovery is established, and defendant, claiming to be relieved by reason of nonpayment of dues or other like default, has the burden of proof in reference to such defenses. Harris v. Junior Order, etc., 168 N.C. 357;Wilkie v. National Council, 147 N.C. 637; Doggett v. Golden Cross,126 N.C. pp. 477-480." Blackman v. W. O. W., 184 N.C. 75; Green v.Casualty Co., 203 N.C. 767 (773); Creech v. Woodmen of the World,211 N.C. 658 (660).
The defendant did not allege fraud, but set up mutual mistake. The court below, whom it was agreed could find the facts, found the facts contrary to defendant's contentions. It was bound by the findings of fact by the court below to the same extent as if a jury had so found.
For the reasons given, the judgment of the court below is
Affirmed. *Page 607