JESSE S. CREECH v. SUN LIFE ASSURANCE COMPANY OF CANADA
AND MILTON BEST.

(Filed 22 March, 1944.)

**1. Insurance § 30c—**

> Payment of the initial premium on a policy of life insurance to one, who is a soliciting agent or broker of the company to solicit the insurance and deliver the policy, constitutes payment to the company by virtue of G. S., 58-46.

**2. Insurance §§ 22b, 30a—**

> A recital of payment of premium in a policy of insurance, unconditionally delivered, may not be contradicted to work a forfeiture of the policy, or to defeat a recovery thereon, in the absence of fraud. If in fact the premium was not paid, it may be recovered, but the policy cannot be invalidated on that account.

**3. Insurance § 37—**

> In an action to recover on a policy of life insurance, where defendant admits the issuance of the policy, its assignment to plaintiff, payment by plaintiff of all premiums except the first and the death of insured, there being evidence for plaintiff of payment by him of first premium to defendant's agent, a *prima facie* case for the jury is made out.

APPEAL by plaintiff from Dixon, Special Judge, at November Term, 1943, of JOHNSTON.

Civil action instituted 28 April, 1942, by plaintiff, the absolute as-signee, in a life insurance policy, issued upon the life of Cullen Creech, 8 April, 1935, in the sum of $2,500.00, by Sun Life Assurance Company of Canada, to collect the proceeds of said policy, Cullen Creech having died on 9 May, 1941.

In the trial below, at the close of plaintiff's evidence, defendants moved for judgment as of nonsuit. Motion granted and judgment entered accordingly. Plaintiff excepted and appealed.

*Edward G. Hobbs and Lyon & Lyon for plaintiff.*
*Abell, Shepard & Wood and Smith, Wharton & Jordan for defendants.*

DENNY, J. The evidence discloses that L. D. Short solicited the insurance issued on the life of Cullen Creech by the Sun Life Assurance Company of Canada, and procured the policy through Milton Best, the agent and representative of the company. There is also evidence tending to show that L. D. Short delivered the policy to the plaintiff and collected from him the first annual premium on the policy, in the sum of $232.45; that Short failed to remit any part thereof to the company; that there-after the company changed the method of payment of premiums from an annual to a quarterly basis and also collected from the plaintiff through its office in Greensboro, N. C., the first annual premium on the policy on the quarterly basis.

The appellees contend that under the decisions of this Court in *Mills v. Ins. Co.,* 209 N. C., 296, 183 S. E., 287, and *Thompson v. Assurance Society,* 199 N. C., 59, 154 S. E., 21, the evidence to the effect that plaintiff paid to L. D. Short a certain premium or premiums, does not establish any liability on the part of the defendant insurance company, since there is no evidence that the company received any part of the premiums paid to Short. The position is untenable as to the payment of the first annual premium. It is held in *Mills v. Ins. Co., supra,* and in *Thompson v. Assurance Society, supra,* as well as in many other cases, that payment of the initial premium on a policy of life insurance to insurer's soliciting agent is payment to the company. While the defend-ants deny that Short was the agent of the defendant company, there is ample evidence to show that L. D. Short was the soliciting agent or broker for the purpose of obtaining the insurance, and the agent of the company for the purpose of delivering the policy. Therefore, if the plaintiff or the insured paid to Short the first annual premium on the policy, in the sum of $232.45, it would constitute payment to the com-pany by virtue of the statute, G. S., 58-46; C. S., 6304.

In the case of *Williamson v. Ins. Co.,* 212 N. C., 377, 193 S. E., 273, it is stated: "The authorities are to the effect that a recital of payment in a policy of insurance, unconditionally delivered, may not be contradicted to work a forfeiture of the policy, or to defeat a recovery thereon, in the absence of an allegation of fraud. *Grier v. Ins. Co.,* 132 N. C., 542, 44 S. E., 28. To this extent it is contractual and binding upon the parties. *Britton v. Ins. Co.,* 165 N. C., 149, 80 S. E., 1072. Compare *Smith v. Land Bank, ante,* 79. 'If the premium in fact is not paid, the acknowledgment of payment, so far as it is a receipt for money, is only *prima facie,* and the amount can be recovered; but so far as the acknowledgment. is contractual, it cannot be contradicted so as to invalidate the policy.'"

The policy involved in this action states a premium is to be paid 8 April, 1935, in the sum of $232.45 and annually thereafter on 8 April in every year during the continuance of the policy. However, the policy was not executed by the company until 25 April, 1935, and the plaintiff testified the first annual premium was paid at the time of the delivery of the policy, which was necessarily some time after 25 April, 1935. The recitals in the policy in the case of *Williamson v. Ins. Co., supra,* could not be contradicted in the absence of an allegation of fraud. In the instant case, however, the plaintiff must show payment of the premium as alleged. Upon such showing, the company will be required by virtue of G. S., 58-46, to give credit therefor, whether or not any portion thereof was received by it.

The defendants admit the issuance of the policy, the absolute assignment thereof to the plaintiff, the payment by plaintiff of all premiums received by the company on the policy and the death of the insured. Notwithstanding the admission by plaintiff that he has paid no premiums on the policy since June, 1940, at which time he was notified by the company the policy had lapsed, the evidence tending to show payment of the first annual premium to the soliciting agent, for which he has been given no credit by the company, together with the above admissions, made out a *prima facie* case for the jury. *Blackburn v. Woodmen of the World,* 219 N. C., 602, 14 S. E. (2d), 670; *Williamson v. Ins. Co., supra; Creech v. Woodmen of the World,* 211 N. C., 658, 191 S. E., 840; *Knight v. Ins. Co.,* 211 N. C., 108, 189 S. E., 121; *Harris v. Jr. O. U. A. M.,* 168 N. C., 357, 84 S. E., 405; *Wilkie v. National Council,* 147 N. C., 637, 61 S. E., 580; *Kendrick v. Life Ins. Co.,* 124 N. C., 315, 32 S. E., 728.

Whether or not this policy was in force at the time of the death of the insured, if the jury should find that the first annual premium thereon was paid to Short and that plaintiff has been given no credit therefor by the company, is not presented for our determination. The status of the

policy, after crediting the sum of $232.45 thereon, if it should be determined that said amount should be credited by the defendant company, will be determined under the provisions contained in the policy for extended insurance.

Plaintiff offered no evidence in support of the allegation in the complaint as to the liability of the defendant Milton Best, hence the judgment below as to him should be affirmed.

Affirmed as to defendant Milton Best.

Reversed as to defendant Sun Life Assurance Company of Canada.