## M. M. DAVIS *v.* JAMES CALLOWAY.

Where a sheriff, having in his hands an execution against A, and another against B, sold property found by the jury to belong to A, (who was present and forbid the sale,) under the execution against B, saying nothing at the sale of the execution against A; *Held*, that the sheriff was responsible to A for the value of the property so sold.

CIVIL ACTION, tried before *Cloud, J.*, at August (Special Term, 1874, WILKES Superior Court.

This action was brought to recover the value of a yoke of oxen and a wagon. The defendant offered in evidence a judgment and execution against one Fletcher, for forty odd dollars, The execution was dated Jan. —, 1869. That the sheriff levied this execution on the oxen and wagon and also on a cow, as the property of said Fletcher, on the 1st of February, 1869, took the same into his possession and advertised them for sale on the 2d day of March, 1869, as the property of said Fletcher.

The defendant then introduced another judgement and execution in favor of himself, for $210, against the plaintiff, M. M. Davis, dated respectively the 28th of February and the 1st of March, the execution was levied on said property.

The defendant also offered to show that the property in question had not been listed for taxes for the previous year, and that he, upon the information of one Mills, another deputy sheriff, had made a memorandum of said property for taxes, and had assessed the same at ninety cents, and that he also had the memorandum in his possession on the day of sale.

That on the 2d day of March, 1869, he sold said property. selling the cow, the yoke of oxen and wagon separately ; there was no evidence to show which was sold first. The defendant Calloway became the purchaser, at about the price of forty dollars, the cow bringing about eleven dollars.

The plaintiff was present and forbid the sale of the property, claiming it as her own. Neither the officer who made

the sale, nor the defendant, informed the plaintiff that he had an execution against her, nor that he had any unsettled taxes against her, nor that he was selling the property as hers, nor that any part of the proceeds arising from the sale to the payment of her debts or taxes.

The defendant then introduced evidence tending to show that the property belonged to Fletcher, and the plaintiff introduced evidence tending to show that the property belonged to her.

His Honor instructed the jury, that as to the taxes, they had not been properly assessed, and that the defendant could not justify the sale and conversion of the property on that account, and that they should put the taxes out of view in making up their verdict.

That if the officer was justified at all in selling the property under the judgment in favor of Calloway against Davis, for $2.10, the cow, which brought $11.00, overpaid that, and that the defendant could not justify the conversion of the oxen and wagon under that execution, and that they should put that out of their way in making up their verdict.

His Honor further charged the jury, that the question for them to determine was, whether the property sold, to wit, the cow, oxen and wagon, was the property of the plaintiff Davis, or not; if it was, she was entitled to recover the value of the oxen and wagon. But if it was not her property, and was the property of Fletcher as alleged by the defendant, they should find a verdict for the defendant.

The jury returned a verdict for the plaintiff, and the defendant moved for a new trial. The motion was overruled, whereupon the defendant appealed.

*Folk & Armfield,* for appellant.
*Furches,* contra.

RODMAN, J. We must take it as established by the verdict, that the wagon and oxen sued for were the property of the

plaintiff, and not of Fletcher. His Honor told the jury that the sale of the cow paid off the execution for $2.10 against the plaintiff, and therefore a sale of the plaintiff's estate in the wagon and oxen was unauthorized and void. This would have been right if there had been evidence to show, as his Honor assumed, that the cow was first sold. But the case states that there was no evidence as to which article was first sold. Of course, therefore, his Honor erred in this respect. But was it an error which prejudiced the defendant? We think not, for all the evidence shows that the sheriff did not profess to sell the estate of the plaintiff, and professed to sell only that of Fletcher.

There is no authority for saying that the fact that he had in his hands at the time an execution against the plaintiff, which he did not make known or profess to act under, made the sale operative to pass the title of the plaintiff. Any such doctrine would be unreasonable. In case of a disputed title, (as here,) a purchaser would never know whose estate he was buying. A sale by a sheriff might be made a cover for the grossest frauds, of which, if we may form an opinion from the facts stated, the present case would be a good illustration.

There is no error.

PER CURIAM.                          Judgment affirmed.