## RAYBURN v. CASUALTY CO.

(Filed May 16, 1905.)

*Accident Insurance—Waiver of Conditions—Term of Policy*
*—Effect of Delivery—Contract, How Construed.*

1. A provision in an accident policy that "it shall not take effect unless the premium is actually paid previous to any accident under which claim is made" is waived by the delivery of the policy by the defendant's authorized agent with full knowledge of the fact that the insured had been injured subsequent to the date of the application and the receipt of the premium at the time of the delivery and its retention by the defendant.

2. An insurance policy takes effect from its date, unless it is stated that it shall only take effect upon certain conditions, and upon such conditions being met, if it is delivered, it takes effect as of the day of its date.

3. In the absence of fraud, the delivery of an insurance policy is conclusive proof that the contract is completed and is an acknowledgement that the premium was properly paid during good health.

4. Where insurance is applied for, and afterwards a policy is issued and delivered, it is based on the status of the insured at the time of the application, and the company assumes the risk after the date of the policy.

5. An accident policy which stated that it was for the term of one year beginning on October 23, 1901, and ending on October 23, 1902, is a continuing contract and is binding for one year from October 23, though it was not delivered and the premium was not paid until October 30, the delivery being made with full knowledge of the fact that the insured in the meantime had been injured.

6. Where a contract of insurance is reasonably susceptible of two constructions, the uniform rule is to adopt that which is most favorable to the insured.

ACTION by S. C. Rayburn against Pennsylvania Casualty Company, heard by *Judge Walter H. Neal* and a jury, at

the November Term, 1904, of the Superior Court of RUTH-ERFORD County. From a judgment of nonsuit, the plaintiff appealed.

*McBrayer & McBrayer* for the plaintiff.
*Gallert & Carson* for the defendant.

BROWN, J. The motion of the defendant to amend the transcript of appeal by inserting the amended answer is allowed, and the appeal has been considered and determined by us with the amended answer in.

The action is brought to recover upon an accident policy issued by the defendant to the plaintiff and dated October 23, 1901. The plaintiff was injured on October 27, 1901.

The plaintiff testified that he made due application in usual form through Mills, the defendant's agent, for the policy on October 21, 1901, and at that time offered to pay the premium. Mills refused the money and said that was not the time and that the plaintiff could pay the premium when he (Mills) brought him the policy. The agent delivered the policy to the plaintiff on October 30, 1901, and then received the premium. At the time he delivered the policy, Mills said to the plaintiff that "he understood I was already hurt in the arm and shoulder, and that although being hurt he would deliver the policy." The plaintiff made claim in due form and in apt time, and received from the home office at Scranton, Pennsylvania, the necessary blanks for making proof, dated January 2, 1902. The plaintiff's notice of injury, sent to the defendant, states he was hurt on October 27, 1901. Again on February 25, 1902, the defendant's manager at Charlotte, N. C., sent another set of proofs to the plaintiff to be executed.

The policy recites that it is issued in consideration of an annual payment of a premium of ten dollars and states that "this insurance is for the term of one year beginning at

noon on the 23d day of October, 1901, and ending on the 23rd day of October, 1902." The policy contains a provision that it shall not be valid until countersigned by the agent at Charlotte. This was done on October 23, 1901. It is further declared that it shall not take effect unless the premium is actually paid previous to any accident under which claim is made.

It is contended by the plaintiff that the evidence tends to prove a waiver of this latter provision and that the case should have been submitted to the jury upon a proper issue with appropriate instructions. In this view we concur.

The general rule is well settled that the policy takes effect from its date, unless it be otherwise stated that it shall only takes effect upon certain conditions. It is also held that upon such conditions being met, if the policy is delivered, it takes effect as of the day of its date. May on Insurance Sec. 400.

The delivery of the policy in this case was made by the defendant's authorized agent with full knowledge of all the facts. He received the premium and it has been retained by the defendant. There is no suggestion, much less evidence of fraud or imposition. On the contrary, the delivery was the voluntary act of the defendant's agent, without even an importunity upon the part of the plaintiff. It has been held in a recent case in this court that where the policy is delivered, there being no allegation or proof of fraud, the delivery is conclusive proof that the contract is completed and is an acknowledgment that the premium was properly paid during good health. *Grier v. Ins.,* 132 N. C., 542; *Kendrick v. Ins. Co.,* 124 N. C., 315.

The further principle is applicable to this case, that where insurance is applied for and afterwards a policy is issued and delivered, it is based on the status of the insured at the time of the application, and the company assumes the risk after the date of the policy. *Grier's case, supra.*

RAYBURN *v.* CASUALTY CO.

We are not inadvertent to the *Ormond case,* 96 N. C., 159, or the *Whitley case,* 71 N. C., 481, so earnestly pressed on our attention by Mr. Gallert in his well considered argument. The syllabus in each case fails to show that the policy was delivered by the agent with full knowledge of the facts. A careful reading of the facts and the opinions leads us to conclude that those cases are not in conflict with the conclusions we have reached in this. It must also be remembered that this contract does not terminate because one injury is inflicted. It is a continuing contract and the duration of its binding force, as explicitly stated in it, continued until noon October 23, 1902. The construction contended for by the defendant that the contract began on October 30, 1901, when the policy was delivered, is inconsistent with a contract for 12 months and which by its own express limitation expires October 23, 1902.

If a contract of insurance is reasonably susceptible of two constructions, the uniform rule in all courts is to adopt that which is most favorable to the insured. *Bank v. Ins. Co.,* 95 U. S., 673.

Upon the evidence presented in this record, if believed, the plaintiff was entitled to a verdict in accordance with the terms of the contract, and the court below erred in giving judgment of nonsuit.

New Trial.