NORTH CAROLINA BANK AND TRUST COMPANY ET AL. v. PILOT LIFE INSURANCE COMPANY.

(Filed 2 May, 1934.)

1. **Insurance E a: J b—Under terms of policy local agent held without authority to extend credit for payment of first annual premium.**

The application and the policy of insurance sued on in this case expressly provided that the policy would not be in force until after the first annual premium had been actually paid in cash and the company's receipt therefor delivered to insured, and that the provisions in respect thereto could be waived only by certain executive officers of the company in writing. The policy was issued and sent to insurer's local agent, who allowed insured to take possession thereof without paying the first annual premium and without delivery of the company's receipt. Insured became totally disabled under the terms of the policy, and suit on the disability clause was instituted prior to the payment of the premium: *Held,* the local agent was without authority to bind insurer to an extension of credit for the payment of the first annual premium, and in the absence of waiver by insurer, a nonsuit should have been entered.

**2. Insurance K a: Estoppel C a—Knowledge and intention held basis for waiver under facts of this case.**

All the evidence was to the effect that insurer had no knowledge that its local agent had delivered the policy in suit without receiving payment of the first annual premium and without delivering the company's receipt therefor. The policy provided that it should not be effective until these acts had been done, and that its local agent should have no authority to waive the provisions of the policy in this respect: *Held*, a letter written insured by insurer's president thanking insured for the business and stating that the policy had been delivered, and a notice mailed by the company of the due date of a subsequent premium is insufficient to constitute a waiver by insurer of the provisions of the policy relating to payment of the first annual premium, knowledge and intention being the basis of waiver in such cases.

CLARKSON, J., concurs in result.

CIVIL ACTION, before *Barnhill, J.,* at November Term, 1933, of EDGECOMBE.

On 25 July, 1931, William Sherwood Baker applied in writing to the defendant for a policy of life insurance. Thereafter the defendant issued policy No. 120495 and forwarded same to its local agent. William Sherwood Baker became totally disabled within the definition set out in the policy by reason of mental incapacity, on 30 November, 1931, and this action was instituted to recover certain disability benefits specified in the policy. The application signed by Baker contained the following clause: (a) "I hereby declare and agree that unless I shall have made settlement for the first year premium at the time this application is signed and have binding receipt for same in my possession, there shall not be any contract of insurance until the policy shall have been issued and delivered to me and the first premium paid thereon, during my lifetime and continued good health," etc. (b) "That only an executive officer of the company has authority to make or alter a contract of insurance or to bind the company in any manner whatsoever."

The policy also contained the following provisions: (1) "This policy does not take effect until it has been delivered to the insured and the first premium has been actually paid, during the lifetime and good health of the insured." (2) "The premiums are payable at the home office of the company, but may be paid on or before the dates due to the company's agent in exchange for the company's official receipt, signed by one of the officers referred to below and countersigned by the agent." (3) "Only the president, a vice-president, the secretary, actuary, treasurer, an assistant secretary or other executive officer, is empowered by the company to make or modify this or any other contract of insurance, or to extend the time for paying any premium, or to waive

any forfeiture, or to bind the company in any manner whatsoever. These powers cannot be delegated, and must be exercised only in writing, which shall be the only evidence of such exercise."

The local agent for the defendant was a minister and he testified as follows: "When the policy came I went to Mr. Baker and he said he could not pay for it. I kept the policy and went back time after time, and finally I said: 'Mr. Baker, you take this policy and read it over and see what it means to your children if something should happen to you,' and he took the policy and set a date for me to come and collect the money for it. He set a date for me to go and get the money for the policy. I went on that day and he said he had some extra expense, that he had to go to Knoxville to get his children and he could not pay it. I said, 'I am going down to Elizabeth City to be in a meeting about ten days,' told him the day I would be back, and I said, 'You be sure to have the money ready,' and he said, all right he would. When I got back he still said he did not have the money, and shortly I found that his company was going to send him to Enfield, and I went to him and I said, 'Now, Mr. Baker, you must not take this policy with you to Enfield,' and he said, 'I won't.' . . . I found he had gone to Enfield and I wrote him still trying to collect for the policy, and I had a letter from him, and this is about the extent of our dealings. He never paid me a cent on the policy and I never turned the receipt over to him. At the time I gave him that policy he did not pay me a cent and has never paid me a cent. . . . If he had paid me, I would have signed the receipt and turned it over to him, but it has never left my hands until it was turned over to the company unsigned. . . . The premium on this policy was never paid during the lifetime and good health of the insured. It was not paid to me or to anybody else. I never paid to the Pilot Life Insurance Company any amount whatever on this policy. No money of any kind ever passed from Mr. Baker to me or from me to the company representing this policy."

On 3 October, 1931, Charles W. Gold, president of defendant, wrote a letter to William S. Baker, thanking him for the business. Subsequently the company sent to Baker a notice of a quarterly premium which would be due on 14 December, 1931.

The following issues were submitted to the jury:

1. "Was the policy sued upon delivered to the insured as alleged?"

2. "If so, was the premium thereon paid at the time of said delivery?"

3. "If not, was credit therefor extended to the insured by the defendant?"

4. "Was there a consummated valid and binding contract of insurance between the ward of the plaintiff, Wm. S. Baker, and the defendant company as alleged in the complaint?"

The jury answered the first issue "Yes"; the second issue "No"; the third issue "Yes"; and the fourth issue "Yes."

From judgment upon the verdict in favor of plaintiffs, the defendant appealed.

*Gilliam & Bond for plaintiffs.*
*Spruill & Spruill and Smith, Wharton & Hudgins for defendant.*

Brogden, J. 1. Can a soliciting agent of a life insurance company deliver a policy and waive the payment of the first premium or extend credit for the payment thereof when both the application and the policy provide that the contract of insurance shall not become effective until the first premium has been paid; and further, that only an executive officer as specified shall have authority to alter or modify the contract?

2. Did the company itself waive the provisions of the application and policy with reference to payment of the first premium?

The first question involved has been discussed in *Foscue v. Ins. Co.,* 196 N. C., 139, 144 S. E., 689, and in *Burch v. Ins. Co.,* 201 N. C., 720. Both of these cases hold that the local or soliciting agents as such have no authority to extend credit to the insured in the payment of premiums or waive the payments provided in the policy or extend the time of payment thereof. Moreover, it has been declared in *Perry v. Insurance Co.,* 150 N. C., 143, 63 S. E., 679, that: "The parties to a proposed contract of insurance may make such agreement as to the payment of the first premium as they may desire, and such agreement, whether express or implied, must be performed or waived. In the absence of any agreement, it is generally understood that prepayment of the first premium is not necessary to the validity of an oral preliminary contract, but that payment must be made upon delivery of the policy. When, however, it is expressly agreed that the contract shall not become binding until the first premium has been paid, no contract, oral or otherwise, can be considered as complete unless such prepayment has been made or waived." A clear-cut opinion upon the subject reaching the same conclusion as announced in the foregoing North Carolina cases, is contained in *Curtis v. Prudential Co. of America,* 55 Fed. (2d), p. 97.

The second question of law is raised by a letter written by the president of defendant company to the insured on 3 October, 1931. The opening sentences in the letter are as follows: "We were much pleased to learn that this policy in the Pilot was delivered to you recently. I want to thank you personally for placing this business with us. We believe that our greatest asset is the confidence and loyalty of our great army

of policyholders and friends throughout the south," etc. Another item of evidence which the plaintiffs assert, constitutes a waiver, is the notice sent out by the defendant company of a quarterly premium to be due on 14 December. The evidence discloses, without contradiction, that the defendant had no knowledge of the fact that the first premium had not been paid or that the soliciting agent had delivered the policy without receiving the money and without delivering the official receipt. Waiver in such cases rests chiefly upon intention and knowledge. Both of these elements are lacking. See *Gazzam v. Ins. Co.,* 155 N. C., 330, 71 S. E., 434; *Turlington v. Ins. Co.,* 193 N. C., 481, 137 S. E., 422.

Upon the undisputed facts the plaintiff was not entitled to recover and the motion for nonsuit should have been granted.

Reversed.

CLARKSON, J., concurs in result.