BARNHILL and WINBORNE, JJ., took no part in the consideration or decision of this case.
Civil action to recover on double indemnity supplement attached to life insurance policy. *Page 530 
The policy in suit is for $1,000 on the life of Horace Rubbin Stallings, payable to his mother, Clara C. Stallings, with double indemnity in case of personal bodily injury effected solely through external, violent and accidental means, which results in death within 90 days thereafter.
The policy, together with supplement, seems to have been issued 27 June, 1947, although the effective date is recited in both as 1 May, 1947.
The application is dated 3 June, 1947, at which time the applicant made an advance payment of $5.00, which was sent to the defendant along with the application, and which the defendant still has.
The policy was issued, together with official premium receipt showing the premium to be $25.41 with advance payment of $5.00, and sent to the defendant's authorized agent, E. D. Wilder, who countersigned the receipt and delivered both the policy and the receipt to the applicant. He turned them ever to his mother with the statement that they were for her and he was "to pay for it when my first check comes."
The policy provides that it shall not take effect until the first premium is paid, and that no agent has authority "to deliver any policy contrary to the provisions hereof."
The agent says the delivery of the policy and receipt was only for purposes of inspection. However, on cross-examination he stated: "I left the policy with him and it was all right with me for him to pay it (the balance of $20.41) out of his government check. . . . I countersigned the receipt and turned it over to him. . . . At the time I carried the policy down and gave it to him, I gave him this official premium receipt and he accepted the policy. I didn't object to him keeping it. . . . I went back twice after the policy was delivered . . . in an effort to collect the money due. . . . I never did ask him to return the policy." The witness further said that under his contract with the defendant he was required to pay the first premium or return the policy within 60 days; that the policy had been outstanding more than 60 days without his paying the balance of the premium; that his commissions were 65% of the first premium, and that "the balance due the company would have been $3.89. . . . All the Company is interested in is the $3.89, the rest of it, $16.52, was my commission."
The father of the applicant testified that on the agent's second visit after the delivery of the policy, "he asked for $10.00 and the boy didn't have it. . . . Mr. Wilder did not at any time ask my son to return the policy."
The applicant was accidentally killed in a motorcycle wreck on 23 September, 1947.
On 29 October, 1947, the defendant's claim department made inquiry by letter of its agent: "Will you please advise us whether or not Mr. Stallings gave you a note for the balance of the annual premium under *Page 531 
this policy or whether you made any arrangement with him to complete the payment at some later date."
The defendant pleaded the terms of the policy and moved to nonsuit, which was overruled.
There was a directed verdict for the plaintiff, and from judgment thereon, the defendant appeals, assigning errors.
The question for decision is the correctness of the directed verdict.
The case turns on whether there was a conditional delivery of the policy for purposes of inspection, as contended by the defendant's agent, or an absolute delivery upon acceptance of the applicant's promise to pay balance of first premium out of the first government check thereafter received by him. Pender v. Ins. Co., 163 N.C. 98, 79 S.E. 293; Murphy v. Ins. Co.,167 N.C. 334, 83 S.E. 461; Underwood v. Ins. Co., 185 N.C. 538,117 S.E. 790.
As the evidence is conflicting on this central issue it should have been submitted to the jury for determination. There was error in directing a verdict for the plaintiff.
The letter of October 29th to the defendant's agent gives intimation of his authority to deal with the balance of the first premium on a credit basis.
While the agent has rendered himself liable to the defendant for the balance due on the first premium, there is no contention that this liability was imposed for or inures to the benefit of the plaintiff. However, on the fact of the instant record, it may have some bearing upon his authority to accept the applicant's promise to pay the balance of the first premium out of his government check. Murphy v. Ins. Co., supra.
New trial.
BARNHILL and WINBORNE, JJ., took no part in the consideration or decision of this case. *Page 532