## CLARA C. STALLINGS v. OCCIDENTAL LIFE INSURANCE COMPANY.

(Filed 20 April, 1949.)

**Appeal and Error § 51a—**

On former appeal by defendant from a directed verdict in plaintiff's favor in her action on a policy of life insurance, it was held that the conflicting evidence as to conditional delivery of the policy or an absolute delivery upon acceptance of applicant's promise to pay the balance of the first premium, should have been submitted to the jury, and that the directed verdict in plaintiff's favor was error. *Held:* The decision on the former appeal is the law of the case, and upon the subsequent trial upon substantially identical evidence it was error for the trial court to grant defendant's motion to nonsuit.

BARNHILL and WINBORNE, JJ., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Stevens, J.,* January Term, 1949, of FRANK-LIN. Reversed.

This was an action to recover on a life insurance policy issued by the defendant on the life of Horace Rubbin Stallings.

The issuance of the policy and its delivery 27 June, 1947, and the death of the insured 23 September, 1947, were admitted, but defendant denied liability on the ground that the policy had been conditionally delivered, and that payment in full of the first premium had not been made at the time of the death of the insured. Plaintiff's evidence tended to show unconditional delivery of the policy and of the countersigned official receipt for first premium, upon payment of $5 and the acceptance by defendant's agent of the insured's promise to pay the balance as soon as his government check (which had been approved) was received. This check was not received until shortly after the death of insured. There was evidence of the contract and method of accounting between defendant and its agent, and of a letter to the agent from the defendant, written

after the death of insured, in which inquiry was made "whether you made any arrangement with him (insured) to complete the payment at some later date."

At the conclusion of all the evidence, defendant's renewed motion for judgment of nonsuit was allowed and plaintiff appealed.

*E. C. Bulluck for plaintiff, appellant.*
*Smith, Leach & Anderson for defendant appellee.*

DEVIN, J.   This case was here at Fall Term, 1948, and is reported in 229 N.C. 529, 50 S.E. 2d 292, where the facts material to the decision are stated.   The appeal in that case was by the defendant from a judgment in favor of the plaintiff, the defendant assigning as error that the trial court overruled its motion for nonsuit and directed a verdict for the plaintiff.   We found error and awarded a new trial.   In writing the opinion *Chief Justice Stacy* stated the Court's decision on the facts then appearing as follows: "The case turns on whether there was a conditional delivery of the policy for purposes of inspection, as contended by the defendant's agent, or an absolute delivery upon acceptance of the applicant's promise to pay balance of first premium out of the first government check thereafter received by him.   *Pender v. Ins. Co.,* 163 N.C. 98, 79 S.E. 293; *Murphy v. Ins. Co.,* 167 N.C. 334, 83 S.E. 461; *Underwood v. Ins. Co.,* 185 N.C. 538, 117 S.E. 790.   As the evidence is conflicting on this central issue it should have been submitted to the jury for determination."

On the second trial below, had pursuant to this opinion, the presiding judge allowed defendant's motion for judgment of nonsuit and dismissed the action.

From an examination of the record we observe that substantially the same evidence was again offered on the determinative issue as that which had been presented on the first trial.   Hence we are of opinion that the evidence should have been submitted to the jury under appropriate instructions as decided on the former appeal which constituted the law of the case on those facts.   *Pinnix v. Griffin,* 221 N.C. 348, 20 S.E. 2d 366; *Cheshire v. First Presbyterian Church,* 222 N.C. 280, 22 S.E. 2d 566.   True, the former appeal involved exception to a directed verdict in favor of plaintiff, while the present appeal is from judgment of nonsuit, but, on substantially the same evidence as that now presented, we held the conflicting testimony necessitated trial by jury.

The judgment of nonsuit is
Reversed.

BARNHILL and WINBORNE, JJ., took no part in the consideration or decision of this case.