RUDOLPH L. EDWARDS, RECEIVER DURHAM WHOLESALE CATALOG COMPANY, INC. v. THE NORTHWESTERN BANK, ALPHA BETA CORPORATION, EMPIRE PROPERTIES, INC., VALCO, INC., PRESIDENTIAL APARTMENTS, INC., ROBERT L. LIPTON, ABE GREENBERG AND C. PAUL ROBERTS

No. 8014SC611

(Filed 18 August 1981)

**1. Banks and Banking § 11.1— wrongful payment of checks—directed verdict for bank**

In an action by the receiver of a company to recover allegedly wrongfully diverted corporate assets for the benefit of the company's creditors where plaintiff asserted liability of defendant bank on the ground of violation of G.S. 32-9, the trial court properly entered a directed verdict for the bank where plaintiff failed to carry its burden of showing that a fiduciary of the company, who was empowered to draw checks on the company's account, breached his fiduciary duty.

**2. Appeal and Error § 68.2— reversal of grant of summary judgment—subsequent directed verdict proper**

A prior reversal of a grant of summary judgment for defendant bank on the same claim did not render directed verdict for the bank improper under the "law of the case" doctrine, since the prior appeal was from the grant of a pretrial summary judgment motion; the prior appeal established that plaintiff was entitled to offer evidence to prove his claim; it did not establish that he had carried the burden of supporting his prima facie case in all its constituent elements, as he was required to do to withstand a motion for directed verdict; this appeal was from the grant of a motion for directed verdict made at the close of plaintiff's evidence; the evidence before the court on each appeal was different; and the "law of the case" doctrine thus did not apply.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 20 February 1980 in Superior Court, DURHAM County. Heard in the Court of Appeals 14 January 1981.

Plaintiff appeals from a directed verdict dismissing its action against defendant Northwestern Bank.

*Randall, Yaeger, Woodson, Jervis & Stout, by John C. Randall, for plaintiff appellant.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Edward L. Murrelle and Robert D. Albergotti, for The Northwestern Bank, defendant appellee.*

WHICHARD, Judge.

[1] Plaintiff, receiver of Durham Wholesale Catalog Company, Inc. (Durham Wholesale), seeks to recover allegedly wrongfully diverted corporate assets for the benefit of the company's creditors.

Defendant bank granted a $500,000 line of credit loan to Durham Wholesale secured by a floating lien on inventory. Durham Wholesale opened a checking account with the bank in which the bank placed a $400,000 advance on the loan. The same day defendant Greenberg, an officer of Durham Wholesale, transferred $250,000 from this deposit by a check payable to defendant Empire Properties, in which defendant Roberts was a principal. This check was converted by the bank at Greenberg's request into four cashier's checks payable to defendant Empire Properties in the sums of $100,000, $60,000, $50,000 and $40,000. The evidence indicates that the cashier's checks would not have been issued without approval by an officer of the bank.

Plaintiff predicates the asserted liability of the bank upon violation of G.S. 32-9, which provides in pertinent part:

If a check is drawn upon the account of his principal by a fiduciary who is empowered to draw checks upon his principal's account, the bank is authorized to pay such check without being liable to the principal, unless the bank pays the check with actual knowledge that the fiduciary is committing a breach of his obligation as fiduciary in drawing such check, or with knowledge of such facts that its action in paying the check amounts to bad faith.

Defendant Greenberg, as an officer of Durham Wholesale, was in a fiduciary relationship with that company. He was also an authorized signatory of checks drawn on the company's account. Plaintiff, to establish that the bank paid the check either (1) with actual knowledge that Greenberg in drawing it was breaching his fiduciary duty, or (2) in bad faith, first had to establish the breach of fiduciary duty itself, *i.e.*, that Greenberg was securing the funds for a private purpose, or a purpose not authorized by the company. Knowledge on the part of the bank cannot be established without first establishing the fact of which it is alleged to have knowledge. The first fact to be established is breach by the fiduciary of a duty owed to his principal. Only then does knowledge on the part of the bank become a factor in establishing its liability under G.S. 32-9.

The record is devoid of evidence establishing absence of authorization from Durham Wholesale to Greenberg to draw the check. No evidence in any way suggests a breach therein by Greenberg of a duty to Durham Wholesale. The fact that the loan which created the account balance was secured by inventory does not establish that Durham Wholesale authorized use of account funds for purchase of inventory only. Nor does designation of Empire Properties as payee establish that the check was not drawn for an authorized purpose. The evidence indicates that Durham Wholesale acquired real property from Empire Properties. The check thus could have been drawn for the purchase of this real property. The evidence also indicates that Empire Properties owned a jewelry company. The check thus could have been drawn to purchase from Empire Properties a jewelry inventory for Durham Wholesale.

The bank's liability arose, if at all, when it paid the check by issuing cashier's checks in exchange therefor. There was no evidence that Greenberg was, by drawing the check, breaching a fiduciary duty. Hence, there was nothing of which the bank could have actual knowledge or knowledge that rendered its act in bad faith. Because the bank's liability arose, if at all, when it paid the check, evidence as to the endorsees of the cashier's checks issued in exchange for the check was not relevant to the question of the bank's liability.

[2] Plaintiff contends that a prior reversal of a grant of summary judgment for the bank on this claim[1] renders directed verdict for the bank improper under the "law of the case" doctrine, citing *Johnson v. R.R.*, 257 N.C. 712, 127 S.E. 2d 521 (1962) and *Stallings v. Insurance Co.*, 230 N.C. 304, 53 S.E. 2d 90 (1949). In those cases the Supreme Court held that reversal of a nonsuit or a directed verdict at an earlier trial barred nonsuit on substantially the same evidence at the new trial occasioned by the reversal. *Id.* The holdings in those cases are predicated on the *same evidence at post-evidence stages of the trials*. The prior appeal here was from the grant of a *pre-trial* summary judgment motion. This appeal is from the grant of a *post-plaintiff's evidence* motion for directed verdict. The stage of the trial is different. The evidence before the court is different. The "law of the case" doctrine thus does not apply.

The opinion in the prior appeal, reversing the grant of summary judgment, indicates that the bank supported its summary judgment motion only with the affidavit of a bank employee who merely denied the allegations of plaintiff's complaint. This court found that the bank had not adequately supported its motion and thus had not carried its summary judgment burden, stating that the motion should not be granted upon the mere denial of an opponent's allegations. *Edwards*, 39 N.C. App. at 269-270, 250 S.E. 2d at 657-658. The prior appeal thus established that plaintiff was entitled to offer evidence to prove his claim. It did not establish that he had carried the burden of supporting his prima facie case in all its constituent elements, as he was required to do to withstand a motion for directed verdict. *Hunt v. Montgomery Ward and Co.*, 49 N.C. App. 638, 272 S.E. 2d 357 (1980), and authorities cited.

The following is pertinent: "[T]he earlier denial of a motion for summary judgment should not, in any way, be considered a barrier to later consideration of a motion for directed verdict." 5A J. Moore, Federal Practice § 50.03[4] (2d ed. 1980).

> The mechanics of the [motion for summary judgment and motion for directed verdict] differ at times, as, for example, where defendant is moving for summary judgment on the ground that plaintiff's claim lacks merit. At trial the plaintiff

---

1. *Edwards v. Bank*, 39 N.C. App. 261, 250 S.E. 2d 651 (1979).

has the burden of, and must take the initiative in, establishing the prima facie elements of his claim; and if he does not the defendant is entitled to a directed verdict. But if the defendant moves for summary judgment on the ground that plaintiff does not have an enforceable claim he has the burden of clearly establishing the lack of any triable issue of fact and must take the initiative of marshalling a record so showing.

6 J. Moore, Federal Practice § 56.04[2] (2d ed. 1976).

Plaintiff failed to establish a breach of fiduciary duty by defendant Greenberg. This was an essential constituent element of his prima facie case, absence of which entitles defendant bank to directed verdict dismissing the action. The questions before this court in this and the prior appeal differ significantly. Hence, the prior reversal of summary judgment for defendant bank does not bar directed verdict at the close of plaintiff's evidence here.

Affirmed.

Judges WEBB and MARTIN (Harry C.) concur.